1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Sean Pak (Bar No. 219032)
2  seanpak@quinnemanuel.com
   Jeffrey W. Nardinelli (Bar No. 295932)
3  jeffnardinelli@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, California 94111-4788
   Telephone:    (415) 875-6600
5  Facsimile:    (415) 875-6700

6  Attorneys for Plaintiff HEBEI HENGBO NEW
   MATERIALS TECHNOLOGY CO., LTD.,
7  F/K/A HENGBO FINE CERAMICS
   MATERIALS CO., LTD.
8

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                            SAN JOSE DIVISION

13

| 14 | HEBEI HENGBO NEW MATERIALS TECHNOLOGY CO., LTD., F/K/A HENGBO FINE CERAMICS MATERIALS CO., LTD., a Chinese limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:18-cv-00468-LHK<br><br>**PLAINTIFF HEBEI HENGBO'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Judge: Honorable Lucy H. Koh<br><br>Hearing Date: March 21, 2019<br>Time: 1:30 PM<br>Location: Courtroom 8 |
|---|---|

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT AT 1:30 P.M. on March 21, 2019, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Lucy H. Koh, Plaintiff Hebei Hengbo New Materials Technology Co., Ltd f/k/a Hengbo Fine Ceramics Materials Co., Ltd. ("Hengbo") will, and hereby does, move for an order granting Hengbo leave to file an Amended Complaint against Defendant Apple Inc. ("Apple") and ordering that the Amended Complaint submitted with this motion be deemed filed.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, Hengbo's Amended Complaint, and the Proposed Order filed herewith, on all the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Through this motion, Hengbo seeks leave to file its Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and this Court's September 27th, 2018 Case Management Order (Dkt. 63).  As compared to Hengbo's original complaint (Dkt. 1), Hengbo's Amended Complaint, attached hereto as Exhibit 1:  removes a claim for enforcement of rescission of contract, which Hengbo previously withdrew and which this Court dismissed with prejudice (Dkt. 61); maintains its claim for breach of the implied covenant of good faith and fair dealing, a claim that this Court upheld against a motion to dismiss (*Id.*); adds a claim for breach of contract based on the same facts and circumstances underlying its upheld claim for breach of the implied covenant; and modifies and clarifies its factual allegations.  Hengbo's Amended Complaint is timely, brought in good faith, causes no prejudice to Apple, and should be permitted.

**II.   STATEMENT OF FACTS**

Hengbo filed this lawsuit on January 22, 2018.  On April 20, 2018, Apple filed a motion to dismiss Plaintiff's complaint.  Following briefing and a hearing, on September 26, 2018, this Court issued an order granting in part and denying in part Apple's motion to dismiss.  (Dkt. 61.) The Court noted Hengbo's withdrawal of its claim for rescission and dismissed that claim with

1  prejudice.  The Court denied Apple's motion to dismiss Hengbo's claim for breach of the implied
2  covenant of good faith and fair dealing.  On September 27, 2018, the Court issued a Case
3  Management Order, which set December 14, 2018 as the last day to amend the pleadings or add
4  parties. (Dkt. 63.)

5  Subsequent to the Court's Case Management Order, new counsel substituted for Hengbo.
6  Hengbo has learned of additional information allowing it to clarify its complaint, including
7  information to provide support for its proposed claim for breach of contract.  Prior to filing this
8  motion, Hengbo contacted Apple seeking written consent to file the Amended Complaint under
9  Fed. R. Civ. Proc. 15(a)(2).  As of the time of this filing, Apple has not consented to the filing of
10 this Amended Complaint.  Accordingly, Hengbo seeks an order permitting Hengbo to file the
11 proposed Amended Complaint.

12 **III.    ARGUMENT**

13 **A.    The Ninth Circuit Freely Grants Leave To Amend A Complaint**

14 The Court should permit the filing of the proposed Amended Complaint pursuant to Fed.
15 R. Civ. P. 15(a)(2), which provides that leave to amend "shall be freely given when justice so
16 requires," bearing in mind that "the underlying purpose of Rule 15 is to facilitate decisions on the
17 merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th
18 Cir. 2000).  The rule is interpreted with "extreme liberality." *United States v. Webb*, 655 F.2d 977,
19 979 (9th Cir. 1981); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp.
20 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend);
21 *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98
22 F.R.D. 458, 459 (N.D. Cal. 1983) (same); Moore, 3-15 Moore's Federal Practice - Civil § 15.14
23 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").
24 Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the
25 opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith.
26 *Leadsinger, Inc. V. BMG Music Publ'g*, 512 F3d 522, 532 (9th Cir. 2008).  For the following
27 reasons, none of these factors are present in this case.

28 **B.    The Court Should Permit Hengbo To Amend**

1    Hengbo's Amended Complaint is timely and should be allowed. In its Case Management
2 Order, the Court permitted Hengbo to amend its pleadings until December 14, 2018. (Dkt. 63.)
3 Hengbo's proposed Amended Complaint is therefore timely.

4    Hengbo's Amended Complaint will not unduly prejudice the opposing party. The
5 Amended Complaint does not significantly alter the nature of the lawsuit. Although the new claim
6 for breach of contract is legally distinct from Hengbo's existing claim for breach of the implied
7 covenant, the two claims rest on the same contracts and factual circumstances. The Amended
8 Complaint merely removes a claim that has already been withdrawn and dismissed, and adds a
9 new claim for breach of contract that is complementary to the existing claim for breach of the
10 implied covenant. Apple is therefore fully on notice and will not suffer any prejudicial inability to
11 defend itself. Under these circumstances, this clarification and addition of the second claim helps
12 to properly place Hengbo's allegations before this Court, so that this Court may decide this lawsuit
13 on the merits. To allow the Amended Complaint would thus serve the purpose of Rule 15 by
14 ensuring that this case will be decided on the merits. *Lopez*, 203 F.3d at 1127.

15    Similarly, Hengbo's Amended Complaint will not cause undue delay. This Motion is
16 brought within the time set by the Case Management Order that set the last day to amend the
17 pleadings as December 14, 2018. The Amended Complaint will cause no material alteration to the
18 scope of discovery or the course of the litigation. No other deadlines will be affected by the filing
19 of the Amended Complaint.

20    Moreover, the amendment is not futile. The parties and the Court agree that the contracts
21 at issue are valid and supported by consideration. The Court has already considered Hengbo's
22 claim for implied breach of contract, and allowed that claim to go forward. Hengbo's Amended
23 Complaint seeks to add a claim for breach based on the same nucleus of operative facts. In light
24 of these circumstances, an additional claim based on a direct breach of the contract language is
25 legally sufficient, well-pleaded, and not futile.

26    Finally, Hengbo has not acted in bad faith by seeking to amend the complaint. Having
27 dropped a claim for rescission and received a favorable ruling on a claim for implied breach of
28 contract, and having hired new counsel, Hengbo has conducted a diligent investigation to uncover

new information used to fashion its Amended Complaint.  Hengbo in good faith seeks only to add a complementary claim for breach of contract, and to further expound and clarify the factual allegations supporting its claims.

## IV.     CONCLUSION

For the reasons described above, Hengbo respectfully requests leave to file the proposed Amended Complaint.

DATED:  December 14, 2018                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ Sean Pak
Sean Pak
Attorneys for Plaintiff